**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 07a0348n.06**
**Filed: May 17, 2007**

**No. 06-5814**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **NICK LANKFORD**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| **v.** | ) | DISTRICT OF KENTUCKY |
| | ) | |
| **RADIOSHACK CORPORATION**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellee.* | ) | |

**BEFORE:** **COLE, CLAY, and GILMAN, Circuit Judges.**

**R. GUY COLE, JR., Circuit Judge.** Plaintiff-Appellant Nick Lankford sued his former

employer, RadioShack Corporation, for disability discrimination in violation of the Kentucky Civil

Rights Act ("KCRA"), Ky. Rev. Stat. §§344.010-.045. The district court granted summary judgment

for RadioShack, concluding that Lankford failed to establish a prima facie case of disability

discrimination because he could not show that he was qualified to perform the essential functions

of his job as a RadioShack store manager.

Lankford is legally blind as a result of a rare optic condition called Leber's Disease. Despite

his disability, Lankford excelled as a RadioShack sales associate. In September 2003, RadioShack

promoted Lankford to the position of store manager. The duties of a store manager include

"merchandising," which refers to maintaining prescribed standards for the proper appearance and

organization of a RadioShack store. A properly "merchandised" store is clean and orderly and complies with RadioShack's "plan-o-gram," which lays out how products are to be grouped and displayed to ensure that the store is customer friendly.

Shortly after assuming his position as store manager, Lankford was given low marks for his merchandising skills. By January 2004, the store was in such a state of disarray that the district manager to whom Lankford reported testified that it looked like it was "going out of business." (Joint Appendix ("JA") 66.) Although Lankford's supervisors worked with him to improve his merchandising skills throughout the fall and winter of 2003, they finally relieved him of his particular managerial job in February 2004. RadioShack gave Lankford two options, including working as a store manager in a less heavily trafficked store, or returning to his former position as a sales associate. Lankford instead chose to resign. He subsequently filed this suit in state court, which RadioShack removed to federal court on the basis of diversity jurisdiction.

To establish a prima facie case of disability discrimination, Lankford must show (1) he was "disabled"; (2) he was otherwise qualified to perform the essential functions of the job; (3) he suffered an adverse employment action; and (4) a non-disabled person replaced him. *Martin v. Barnesville Exempted Village Sch. Dist. Bd. of Educ.*, 209 F.3d 931, 934 (6th Cir. 2000). As the district court properly recognized, the disposition of Lankford's claim turns on the second element, namely, whether he was otherwise qualified to perform the essential functions of the job.

We agree with the district court that Lankford's claim fails and that summary judgment for RadioShack is proper. The district court correctly concluded that merchandising was an essential function of Lankford's store-manager job and that Lankford has not presented sufficient evidence

to show that he could fulfill his merchandising duties with or without a reasonable accommodation.

Because the district court thoroughly considered the facts and the law, and issued a well-reasoned

opinion in support of its judgment, a separate written opinion from this Court would serve no useful

purpose. Accordingly, the judgment of the district court is **AFFIRMED** for the reasons set forth by

the able district judge.